UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYKEISHA CAMPBELL,

    Plaintiff,

v.

                              Case No. 23-12386

                              Hon.

SPIRIT AIRLINES, INC. and
JOHN DOE, LLC,

    Defendants.
_____/

## DEFENDANT SPIRIT AIRLINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby removes the state court action entitled *Tykeisha Campbell v. Spirit Airlines, Inc., et al*, Case No. 23153694 GC, from the 36th District Court for the County of Wayne (Michigan) to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §§1331 and 1441, as well as E.D. Mich. L.R. 81.1.

### I.    INTRODUCTION

Plaintiff Tykeisha Campbell's ("Plaintiff") action against Spirit and John Doe LLC arises from an international flight and the delay and/or loss of or damage to certain checked baggage. Specifically, Plaintiff alleges that on April 30, 2023, she "and her husband were preparing to board their connecting flight (Flight NK2161) back home to Detroit, MI from Philadelphia, PA when they were notified by …

1

Spirit … that their luggage had been lost, and they were given a number to call to report the issue" (**Ex. A, Cmplt.** at ¶7). Significantly, for purposes of this Notice of Removal, Spirit Flight 2161, on which Plaintiff and Tarnell Hughley were booked, departed from Sangster International Airport (MBJ) in Montego Bay, Jamaica, en route to Philadelphia International Airport (PHL) in Philadelphia, Pennsylvania, on April 30, 2023 (**Ex. B, PNR**). Plaintiff and Hughley were then booked to depart PHL to the Detroit Metropolitan Wayne County Airport (DTW) on April 30, 2023 on Spirit Flight 3805 (*id.*). In other words, Plaintiff and her baggage were carried on an international flight on their way back to Detroit.

Plaintiff further alleges that she "made it back to her home on May 1, 2023 where she called the number given to her by … Spirit … to request the status of her lost luggage" (**Ex. A, Cmplt.** at ¶8). "The next day, May 2, 2023[,] an individual from John Doe LLC in connection with … Spirit …, with no Spirit … identification[,] showed up at her home with the luggage" (*id.* at ¶9). Plaintiff then alleges that "[o]n or around May 4, 2023 Plaintiff and her husband began to unpack the luggage and noticed that the luggage had been tampered with prior to its arrival" (*id.* at ¶10). "After further investigation of their luggage, Plaintiff and her husband realized that nearly half of their items totaling in excess of $10,000.00, were missing from their luggage" (*id.* at ¶11). Elsewhere in her Complaint, Plaintiff alleges that

2

Spirit's alleged acts or omissions "resulted in extensive financial loss to Plaintiff, totaling approximately $14,208.30" (*id.* at ¶16; *see also ad damnum* cl.).

On or about July 6, 2023, Plaintiff filed her Complaint in the 36th District Court for the County of Wayne (Michigan) (**Ex. A, Cmplt.**). Plaintiff's Complaint purports to state the following state law causes of action against Spirit and John Doe LLC based on the delay and/or loss of or damage to certain checked baggage: (1) breach of implied contract (*id.* at ¶¶20-25), and (2) negligence (*id.* at ¶¶26-38). Plaintiff's damages are alleged to be $14,208.30 (*id.* at ¶16 & *ad damnum* cl.). Nevertheless, it is evident that Plaintiff's Complaint and the claims alleged therein are governed exclusively by a treaty to which the United States is a signatory nation: namely, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, S. Treaty Doc. 106-45, 1999 WL 33292734 (entered into force by the United States on April 11, 2003) (hereinafter, and commonly referred to as the "Montreal Convention") (**Ex. C, Montreal Convention**).

The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward" (**Ex. C, Montreal Convention** at art. 19). "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability

3

as are set out in this Convention" (*id.* at art. 29). Because Plaintiff's claims can only be brought pursuant to the Montreal Convention, which is a treaty to which the United States is a signatory nation, this Court has original subject matter jurisdiction under 28 U.S.C. §1331. With "federal question" jurisdiction properly vested in this Court, Spirit properly removes this action pursuant to 28 U.S.C. §1441(a).

## II. FEDERAL QUESTION JURISDICTION AND REMOVAL

Section 1441(a) authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction …." 28 U.S.C. §1441(a). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Jurisdiction under section 1331 is referred to as "federal question jurisdiction." *See*, *e.g.*, *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 Fed. App'x 580, 581 (6th Cir. 2011) ("28 U.S.C.A. §1331 … confers federal question jurisdiction.").

Here, Plaintiff's claims arise under a treaty of the United States: the Montreal Convention. The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward" (**Ex. C, Montreal Convention** at art. 1(1). The Montreal Convention defines "international carriage" as

> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there

is a break in carriage …, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party (*id.* at art. 1(2)).

Plaintiff's trip to Montego Bay, Jamaica, and return to Detroit via Philadelphia is international carriage under the plain meaning of the Montreal Convention's definition. The United States and Jamaica are each State Parties, with each having ratified the Montreal Convention (**Ex. D, Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999**).

The subject of Plaintiff's baggage delays and/or lost/damaged items clearly is within the Montreal Convention's scope of liability. Article 19 of the convention expressly establishes air carrier liability for "damage occasioned by delay in the carriage by air of passengers, baggage or cargo" (**Ex. C, Montreal Convention** at art. 19). Article 22(2) of the convention states, in part, that "[i]n the carriage of baggage, the liability of the carrier in the case of destruction, loss, damage or delay is limited to 1000 [now 1,288] Special Drawing Rights for each passenger …" (*id.* at art. 22(2)).

These provisions of the Montreal Convention preempt all state law claims arising from the destruction, loss, damage, or delay of baggage resulting from carriage on international flights. *See* **Ex. C, Montreal Convention** at art. 29 ("In the carriage of passengers, baggage and cargo, any action for damages, ***however***

5

*founded*, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention …") (emphasis added)); *see also Weiss v. El Al Israel Airlines*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006) ("It is well settled that [Article 29] means that for all air transportation to which the Convention applies, if an action for damages, however founded, falls within one [of] the Convention's three damage provisions [including Article 19 claims for baggage delays], the Convention provides the sole cause of action under which a claimant may seek redress for his injuries."); *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006) (the Montreal Convention "preempts claims resulting from the carriage of baggage 'however founded.'").

In fact, the Montreal Convention provides the exclusive remedy for all causes of action that fall within its scope. **Ex. C, Montreal Convention** at art. 29; *see also El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160-61, 174-75 (1999) (holding that the Montreal Convention's predecessor, the Warsaw Convention,[*]

---

[*] Convention for Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. §40105 ("Warsaw Convention"). It is well settled that courts may rely on cases interpreting Warsaw Convention provisions where the equivalent Montreal Convention provision is substantively the same. *See*, *e.g.*, *Bassam v. Am Airlines*, 287 Fed. App'x 309, 313 n.5 (5th Cir. 2008) ("Along with this statement in the Montreal Convention, courts have recognized that '[a]lthough the Montreal Convention completely replaced the prior Warsaw Convention, courts interpreting the Montreal Convention rely on cases interpreting similar provisions of the Warsaw Convention.'") (citation omitted)).

6

provides the exclusive remedy for causes of action within its scope); *In re Air Crash at Lexington, Ky., Aug. 27, 2006*), 501 F. Supp. 2d 902, 913 (E.D. Ky. 2007) (citing cases and finding that "the Warsaw and Montreal Conventions have preempted all state law causes of action for matters falling within their scope")). As addressed above, Plaintiff's claims fall within the scope of the Montreal Convention as they arise from alleged carriage on an international flight, and the underlying facts solely arise from delays and/or the loss of and/or damage to certain baggage. *Matz v. Nw. Airlines*, No. 07-13447, 2008 WL 2064800, *3 (E.D. Mich. May 13, 2008) ("[I]n this case, all of Plaintiff's alleged damage occurred as a result of Defendants' baggage handling and handling of the delay. Accordingly, regardless of whether Plaintiff's alleged injuries are ultimately compensable under the Montreal Convention, the Montreal Convention is the exclusive remedy.").

Because Plaintiff's claims are completely preempted by the Montreal Convention, which provides Plaintiff's exclusive remedy, this Court therefore has federal question jurisdiction pursuant to 28 U.S.C. §1331. *See*, *e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); *see also Garrisi v. Nw. Airlines*, No. 10-12298, 2010 WL 3702374, *5 (E.D. Mich. Sept. 16, 2010) ("The Court agrees with the analysis in *In re Crash at*

7

*Lexington*[, *supra*]. As explained above, [the plaintiff's] negligence claim for personal injuries falls within the Montreal Convention. Thus, her [state law negligence] claim is completely preempted and federal question jurisdiction exists."); *Knowlton v. Am. Airlines*, No. RDB-06-854, 2007 WL 273794, *5 (D. Md. Jan. 31, 2007) (denying the plaintiff's motion to remand because the Montreal Convention completely preempted the state law claims, which gave rise to federal question jurisdiction).

Original federal question jurisdiction exists under 28 U.S.C. §1331, so removal of this action is proper under 28 U.S.C. §1441(a). *Garrisi*, 2010 WL 3702374 at *5.

### III. SPIRIT HAS SATISIFED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A. Timeliness Of Removal

Plaintiff filed her Complaint on or about July 3, 2023 (**Ex. C, Cmplt.**). However, Spirit was not served until August 31, 2023. This Notice of Removal is therefore timely filed within 30 days from the date of Spirit's receipt of Plaintiff's Complaint and within one (1) year from the date this action was filed. *See* 28 U.S.C. §1446(b).

#### B. Venue Is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Eastern District of Michigan is the

District Court embracing the Michigan county (Wayne) in which the removed action was pending. 28 U.S.C. §102(a)(1); E.D. Mich. L.R. 83.10(a)(1).

### C. Notice

Pursuant to 28 U.S.C. §1446(d), Spirit will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending, and will serve a copy of this notice on Plaintiff. Spirit will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Spirit does not waive, and hereby reserves, its rights to assert any and all objections and defenses to Plaintiff's Complaint.

## IV. CONCLUSION

This Court has original subject matter jurisdiction over this action based on preemption, the exclusive remedy under the Montreal Convention, and federal question jurisdiction under 28 U.S.C. §1331. Therefore, Spirit hereby removes this action from the 36th District Court of the County of Wayne (Michigan) to this Court under 28 U.S.C. §1441.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>TAFT STETTINIUS & HOLLISTER LLP</td></tr>
<tr><td></td><td>By: /s/ Scott R. Torpey<br>    Scott R. Torpey (P36179)<br>    Derek D. McLeod (P66229)<br>*Attorneys for Spirit Airlines, Inc.*<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48023<br>(248) 351-3000<br>storpey@taftlaw.com</td></tr>
<tr><td>Dated: September 20, 2023</td><td>dmcleod@taftlaw.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I, Katherine M. Abrignani, state that I am an employee of Taft Stettinius & Hollister LLP, and that on September 20, 2023, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

/s/Katherine M. Abrignani
Katherine M. Abrignani